UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Western Surety Co.,  )
                Plaintiff  )
                  )
v.  )     Case No. 06-1311
                  )
Cardinal Point Trucking Inc., et al,  )
                Defendants  )

**ORDER**

Now before the Court is the Motion (#34) by Plaintiff for a pro rata distribution of the proceeds of the $10,000 Bond deposited with this Court. The motion is granted, as follows.

**JURISDICTION**

This is an interpleader action, brought pursuant to the Federal Interpleader Act, 28 U.S.C. § 1335. Federal courts have original jurisdiction over actions brought pursuant to that Act if (1) the bond at issue is valued in excess of $500 or more; and (2) two or more adverse claimants are of diverse citizenship as defined in 28 U.S.C. § 1332; and (3) the Plaintiff has deposited the value of the instrument into the court's registry. 28 U.S.C. § 1335(a).

The Bond at issue in this case is in the amount of $10,000.00. Plaintiff has deposited that amount into the Court's registry.

The Plaintiff Western Surety Company, is a corporation organized under the laws of South Dakota and having its principle place of business in that state. Of the 25 adverse claimants named as defendants in this action, at least two of them[1] are of diverse

---

[1] Other claimants are from Ohio, Mississippi, Georgia, Louisiana, Illinois, Arkansas, Iowa, Alabama, Kentucky, Texas, and North Dakota.

citizenship: Cardinal Point Trucking Inc. is organized under the laws of Nebraska with its principle place of business in Omaha, Nebraska; and Cool Express of Wisconsin, Inc. is organized under the laws of Wisconsin and has its principle place of business in that state.

The Court concludes that jurisdiction is proper.

## DISCUSSION

Plaintiff issued a Property Broker's Surety Bond (the "Bond"), on behalf of principal Juniors Transportation Brokerage, with a penal sum of $10,000.00. Numerous claims were asserted against the Bond, seeking payment for services rendered to the principal. The claims far exceeded the penal sum of the Bond.

As a result, Plaintiff filed this statutory interpleader action and deposited the penal sum of the Bond with this Court. All claimants were initially provided with Notice of Lawsuit and Request for Waiver of Service, pursuant to Fed.R.Civ.P. 4(d). Most claimants returned the Waiver. Those ten claimants who did not return Waivers were subsequently served with summons. No claimant has appeared in this matter.

Rather than move for default, Plaintiff proceeded to negotiate for a pro rata distribution. Having reached an agreement with all Claimants, this Motion was filed. All claimants to the Bond were served with the Motion. No opposition to the Motion or to pro rata distribution has been filed.

Pro rata distribution is an appropriate method for resolving the claims against the Bond. The Motion is therefore granted.

Furthermore, Plaintiff is entitled to its costs in this matter. Those costs are set forth in attachments to the Motion, including an affidavit in support. The costs are: $350.00 filing

fee, $108.00 copying costs, and $421.00 in fees for service of summons, for a total of $879.00.

In exhibits to the Motion, Plaintiff has supported its calculation of the pro rata distribution as follows:  The amount of the Bond ($10,000.00) less the costs associated with filing and copying ($458.00), for a total of $9,542.00, allocated on a pro rata basis based on the dollar amounts of the various claims.  The cost associated with service of summons on a claimant who did not return a waiver is then deducted from that claimant's pro rata share.  This calculation is accurately summarized in Exhibit 3 (#34-5) to the Motion, which also shows the name and address of each claimant, as well as the amount of costs to be paid to Plaintiff.

## CONCLUSION

The Motion for Pro Rata Distribution  (Doc.#34) is GRANTED.  The Clerk of the Court is ordered to distribute the funds on deposit to the Claimants, as shown on Exhibit 3 (Doc. #34-5) to the Motion.  Each check is to be accompanied by a copy of this Order.

After all funds on deposit with the Court have been distributed, Western's liability under the Bond will have been fully resolved, and the Clerk of the Court shall dismiss this case with prejudice.

The hearing set on July 31, 2007, is cancelled.

ENTER this 18th day of July 2007.

                s/ Michael M. Mihm

                MICHAEL M. MIHM
            UNITED STATES DISTRICT JUDGE